*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL SCOTT CARLSON,

        Defendant-Appellant.

FOR PUBLICATION
June 25, 2020

No. 344674
Mecosta Circuit Court
LC No. 17-009071-FH

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

RONAYNE KRAUSE, J. *(concurring)*

I concur with the well-reasoned and thoughtful majority opinion of my colleagues, little of which calls for repeating. I write separately only because I am troubled by the subtle distinctions between basing a sentence on a defendant's lack of remorse and basing a sentence on a defendant's refusal to admit guilt. On this record, I agree with the majority that the trial court's sentence was proper, but I respectfully believe the issue is less straightforward, and the applicable precedent provides unclear guidance. For the reasons below, I concur.

As the majority observes, a lack of remorse is a "legitimate consideration[] in determining a sentence." *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995), citing *People v Wesley*, 428 Mich 708; 411 NW2d 159 (1987). However, the sentencing "court cannot base its sentence even in part on a defendant's refusal to admit guilt." *People v Yennior*, 399 Mich 892; 282 NW2d 920 (1977). I note that a majority of the Justices in *Wesley* found the distinction between maintaining one's innocence and displaying no remorse to be a fine one, if not illusory. See *Wesley*, 428 Mich at 720-725 (BRICKLEY, J, joined by LEVIN, J), 726-727 (CAVANAGH, J, joined by BOYLE, J). Criminal defendants have an absolute right to maintain their innocence notwithstanding a conviction and irrespective of how much or how strong the evidence of their guilt. It would be irrational to express remorse for something that a person contends they did not do. Therefore, I share that concern.

Nevertheless, merely referring to a defendant's lack of remorse does not establish that a sentencing court actually based its sentence on a defendant's refusal to admit guilt. *Wesley*, 428 Mich at 713, 716, 718-719 (ARCHER, J, joined by GRIFFIN, J), 719 n 1 (BRICKLEY, J., joined by

LEVIN, J), 726 (CAVANAGH, J, joined by BOYLE, J), 727-728 (RILEY, CJ). Importantly for this case, it is entirely proper for a trial court to rely on a defendant's refusal to acknowledge the consequences of his or her admitted conduct, even if that admitted conduct would not be sufficient for a conviction. *Id*. at 714-717 (ARCHER, J, joined by GRIFFIN, J), 725 (BRICKLEY, J., joined by LEVIN, J). Furthermore, this Court has adopted the *Wesley* lead opinion's approach for evaluating whether a " 'sentence was likely to have been *improperly* influenced by the defendant's persistence in his innocence.' " *People v Dobek*, 274 Mich App 58, 104; 732 NW2d 546 (2007), quoting *Wesley*, 428 Mich at 713 (ARCHER, J, joined by GRIFFIN, J) (emphasis added). Three factors to be considered are the defendant's maintenance of his innocence, whether the trial court attempted to elicit an admission of guilt, and whether an admission of guilt appears likely to have resulted in a more lenient sentence. *Dobek*, 274 Mich App at 104.

Defendant's attorney expressed remorse on defendant's behalf during allocution. The trial court noted, however, that it rang somewhat hollow: defendant expressed remorse that the victim's "life has had some disruption," but he was equally, if not more, remorseful for the effect on his family and his law firm. Furthermore, the trial court reasonably relied on the arrogant and disrespectful attitude displayed by defendant during a telephone call from jail, despite defendant's knowledge that the call was being recorded. The trial court observed that defendant admitted he made some "bad choices," but nevertheless engaged in "victim bashing" by referring to the victim as "evil" and mocking her. The trial court's only other reference to defendant's lack of "remorse" was, in context, simply to contrast with defendant's openly belittling and vengeful commentary on the victim and what he sarcastically referred to as her "traumatic experience." Finally, the trial court properly made no attempt to procure an admission of guilt, nor did it suggest or imply that defendant would have received a lesser sentence if he admitted guilt.

I believe the distinction between refusing to show remorse and refusing to admit guilt may be entirely nonexistent in a case turning solely on a credibility contest. However, no such concern is present in this case. Defendant's guilt was established in part by objective DNA evidence. Thus, it would not have been unreasonable for the trial court to take defendant's guilt as sufficiently presumed to obviate any need "to tip-toe through the metaphysical distinctions required" to distinguish a lack of remorse from an assertion of innocence. See *Wesley*, 428 Mich at 727 (CAVANAGH, J, joined by BOYLE, J). Ultimately, it is clear from the record, the transcript of the sentencing when read in full, and the recording of defendant's call from jail, that the trial court did not base its sentence on defendant's refusal to admit guilt. Rather, the trial court based its sentence on defendant's affirmatively-expressed arrogance, mockery, hostility, and refusal to take meaningful responsibility for conduct that was either admitted or beyond any reasonable dispute.

I am concerned by the test laid out in *Dobek* because I do not believe it accounts for the practical reality that in many cases, especially those turning solely on a credibility contest, there is literally no distinction between refusing to admit guilt and failing to show remorse. As noted, it appears that a majority of the Justices in *Wesley* shared that concern. Nevertheless, affirmative expressions of disdain, belligerence, or disregard go beyond merely failing to show remorse, so they may be relied on by a sentencing court without implicating a defendant's right to maintain his or her innocence. Therefore, as this case illustrates, it is important to analyze a sentencing court's remarks for their substance and in context, not for catchwords. Thus, a sentencing court's mere reference to a defendant's lack of remorse is not *per se* evidence that the court based its sentence on the defendant's maintenance of his or her innocence.

For the reasons above, I concur with the majority and conclude that the trial court did not improperly base defendant's sentence on his maintenance of his innocence.  I concur with the majority's opinion and affirmance in all other respects.

/s/ Amy Ronayne Krause